Monsur Kayode RUFAI, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71812, A29–455–965.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 26, 2004.

Michael T. Purcell, Portland, OR, for
Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, David V. Bernal, Attorney, Anthony P. Nicastro, U.S. Department of Justice, Washington, DC, for Respondent.

Before REAVLEY,* W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

The BIA found that Monsur Kayode Rufai was excludable upon entry, and therefore deportable now, based on a 1982 U.K. conviction for importing cannabis into London. Rufai denies that he was ever convicted of the cannabis-importation crime, and claims that he is a victim of mistaken identity. He points out that the person convicted in 1982 was named Monsur Kayode Salami and had a different birthdate than he. The government obtained U.K. police records relating to the 1982 Salami conviction, including Salami's fingerprints, which matched those of Rufai. The IJ found that Rufai and Salami are one and the same person, and that Rufai is therefore deportable for having committed the 1982 crime. The BIA affirmed, and Rufai petitions this court for review.

Rufai argues that the U.K. police records are inadmissible to prove the fact of the 1982 conviction. We disagree. The police records are admissible under 8 C.F.R. § 1003.41(d) which provides that "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof." The 1982 conviction of Salami, plus the fact that Salami's fingerprints match those of Rufai, lead us to conclude that Rufai is an "alien convicted of ... a violation of ... [a] law or regulation ... of a foreign country relating to a controlled substance." 8

U.S.C. § 1182(a)(2)(A)(i)(II). Therefore, under IIRIRA § 309(c)(4)(G), we lack jurisdiction over Rufai's petition and, hence, must DISMISS it.

---

\* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

